# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

DAMIEN FORD,　　　　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF
ADC #143035

v.　　　　　　　　　　　　　4:21CV00130-JM-JTK

ASA HUTCHINSON, et al.　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

　　1.　　Why the record made before the Magistrate Judge is inadequate.

　　2.　　Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

　　3.　　The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.   Introduction**

Plaintiff Damien Ford is a state inmate confined at the Maximum Security Unit of the Arkansas Division of Correction (ADC), who filed this pro se 42 U.S.C. § 1983 action alleging Defendants failed to protect state inmates from harm from the COVID-19 virus. (Doc. No. 2) By Order dated March 4, 2021, this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit, but directed him to amend his Complaint in thirty days, noting that he did not allege specific facts with respect to most of the forty-two named Defendants. (Doc. No. 3)

Plaintiff has submitted an Amended Complaint (Doc. No. 5); having reviewed it the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

**II.   Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

### III. Facts and Analysis

In his Original Complaint, entitled by Plaintiff as a "class action" (Doc. No. 2), he complained that the ADC and forty-one other Defendants failed to adequately follow CDC guidelines in developing and implementing policies and procedures to protect inmates from the COVID-19 virus. However, as the Court noted in the March 4, 2021 Order, he did not include any specific facts about how he was affected, or how each of the Defendants were involved and had violated his rights. (Doc. No. 3, p. 3) The Court then directed Plaintiff to file an Amended Complaint which complied with FED.R.CIV.P. 8(a)(2), and the Court set forth specific facts and allegations which he should include in the Amended Complaint. (Id., p. 4) Plaintiff's Amended Complaint, however, is a word-for-word copy of the Original Complaint. (Doc. No. 5)

The allegations in Plaintiff's original and amended complaints also are similar to those in the class-action complaint filed in Frazier v. Graves, 4:20cv00434-KGB. In that case, United States District Judge Kristine G. Baker denied the Plaintiffs' Motion for preliminary injunctive relief, finding that they did not demonstrate the likelihood of success on the merits of their Eighth Amendment claims. Id., Doc. No. 68. The Court found that ADC officials adopted policies and practices in response to COVID-19, and effectively trained employees and informed inmates, staff and visitors about the protocols they developed. Id.

To support a claim for an Eighth Amendment violation, Plaintiff must allege that Defendants were deliberately indifferent to a serious health and safety need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Although "[t]he Constitution does not mandate comfortable prisons," humane conditions of confinement include "adequate food, clothing, shelter, and medical care." Id. at 832 (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Plaintiff must allege and

prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by them in condoning or creating the conditions. Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993). The "defendant's conduct must objectively rise to the level of a constitutional violation ... by depriving the plaintiff of the 'minimal civilized measure of life's necessities.'.... The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004) (quoting Rhodes v. Chapman, 452 U.S. at 342, and Estelle v. Gamble, 429 U.S. 97, 104 (1977)). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety...." Wilson v. Seiter, 501 U.S. 294, 298-9 (1991) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Furthermore, "discomfort compelled by conditions of confinement, without more, does not violate the amendment." Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984) (quoting Jackson v. Meachum, 699 F.2d 578, 581 (1st Cir. 1983)).

As noted above, Plaintiff did not specify how each of the individual Defendants violated his rights, and he did not allege that he became sick or contracted the COVID-19 virus, or that Defendants failed to adequately quarantine or treat him. His allegations fail to support a claim that he was deprived of the minimal civilized measure of life's necessities, or that the conditions constitute more than "discomfort." Therefore, Plaintiff's allegations fail to support a constitutional deliberate indifference claim.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Original and Amended Complaints against Defendants be DISMISSED,

for failure to state a claim upon which relief may be granted.

2.Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 6th day of April, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.